IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA ANN THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-5791 |
| | : | |
| CAROLYN W. COLVIN,[1] | : | |
| *Acting Commissioner of Social Security* | : | |

## ORDER

AND NOW, this 4th day of February, 2015, upon consideration of Plaintiff Laura Ann Thomas's brief and statement of issues in support of request for review, Defendant's response thereto, and Thomas's reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart and the Commissioner of Social Security's objections thereto, and Thomas's response, it is ORDERED:

1. This matter is REMOVED from SUSPENSE;

2. The Commissioner's objections to the Report and Recommendation (Document 18) are OVERRULED;[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin is substituted for Michael J. Astrue as the Defendant in this case.

[2] In her objections to the Report and Recommendation, the Commissioner argues substantial evidence supports the ALJ's decision to discount the statement made by Plaintiff's treating physician, Dr. Pasquale Brancazio, that Plaintiff's fatigue prevents her from working. The Commissioner notes Dr. Brancazio's medical source statement indicated Plaintiff's multiple sclerosis (MS) did not disturb her gross and dexterous movement, or gait and station, nor did it cause her significant reproducible fatigue of motor function with substantial muscle weakness or repetitive activity. He nonetheless opined Plaintiff's fatigue frequently interfered with her attention and concentration, rendering her incapable of tolerating low-stress jobs. The Commissioner asserts Dr. Brancazio's opinion regarding Plaintiff's ability to work was not supported by clinical and objective medical findings and was inconsistent with other substantial evidence on the record, including his own physical examination reports, and thus the ALJ properly discounted Dr. Brancazio's opinion and gave significant weight to agency medical consultant Dr. Patrick Murphy, who opined Plaintiff could perform sedentary work.

3. The Report and Recommendation (Document 17) is APPROVED and ADOPTED;

4. Thomas' request for review (Document 12) is GRANTED, and the decision of the Commissioner of Social Security is VACATED to the extent that the matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation; and

5. The Clerk of Court is directed to mark this case CLOSED.

---

The Court agrees with the Magistrate Judge that the ALJ erred by discounting Dr. Brancazio's opinion in favor of Dr. Murphy's when objective medical evidence supported Plaintiff's claim of fatigue resulting from MS. The ALJ determined Plaintiff's August 12, 2011, physical examination performed by Dr. Murphy revealed no overt muscle atrophy, sensory deficits, or complaints of pain with cervical range of motion testing. R. at 29. The ALJ therefore declined to give treating physician Dr. Brancazio's opinion regarding Plaintiff's limitations controlling or significant weight. *Id.* However, objective medical testing showed Plaintiff's MS progressed after Dr. Murphy's examination. *See* R. at 474, 478 (indicating an MRI administered on June 23, 2012, showed two new lesions on Plaintiff's brain); *see id.* at 458 (indicating that following Plaintiff's hospitalization in October 2011 for an MS exacerbation, an MRI showed two active lesions and a higher disease burden compared to a study done in July of the same year). Thomas additionally complained consistently of fatigue between July 2011 and July 2012, although she denied fatigue in November 2012. R. at 454, 459, 463, 465, 469. "[W]here medical evidence supports a claimant's complaints of pain, the complaints should be given great weight and may not be disregarded unless there exists contrary medical evidence." *Claussen v. Chater*, 950 F. Supp. 1287, 1297 (D.N.J. 1996) (finding the ALJ erred by discounting Plaintiff's subjective complaints of fatigue, which were supported by a positive MRI and brainstem auditory evoked response test for multiple sclerosis); *see also Fisher v. Barnhart*, 393 F. Supp. 2d 343, 347 (E.D. Pa. 2005) (determining the ALJ erred by dismissing Plaintiff's self-reported MS-related fatigue as groundless when her neurologists testified Plaintiff did in fact suffer from such fatigue). The record clearly indicates Plaintiff suffered from MS, which progressed over 2011 and 2012, and contains no medical evidence contrary to her claims of fatigue other than Plaintiff's one denial of fatigue in November 2012. "[A]bsent persuasive contradictory evidence, the validity of the claimant's symptoms can be conclusively established by the opinion of the treating physician." *Fisher*, 393 F. Supp. 2d at 347 (citations omitted). Accordingly, the Court agrees with the Magistrate Judge's conclusion that the ALJ's decision was not supported by substantial evidence and remands the matter. The ALJ is directed to obtain further medical evidence relating to the fatigue from which Thomas suffers as a result of her multiple sclerosis.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.